# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIC J. ZOZULA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1971-Orl-28DAB**

**STATE OF FLORIDA, ORANGE COUNTY SHERIFF'S OFFICE, CHILD PROTECTION TEAM, PROSECUTOR SANDRA CASTRO-RIVERA, DR. PENELOPE TARKOSKI, and KAREN ZOZULA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DETECTIVE CARLY HUBBARD'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 23)** |
| **FILED:** | **May 30, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **MOTION TO QUASH OR ALTERNATIVELY MOTION TO DISMISS AND STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT [BY ORANGE COUNTY SHERIFF'S DEPARTMENT] (Doc. No. 24)** |
| **FILED:** | **May 30, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff has not filed any opposition to either Motion, and they are well-taken. Detective Hubbard was deleted as a Defendant in Plaintiff's Second Amended Complaint (Doc. No. 22), and she was deleted as a Defendant from the case on May 21, 2008. *See* Fed. R. Civ. P. 10(a) (requiring the caption of the complaint to contain the names of the defendants). Therefore, references to claims against Detective Carly Hubbard in the body of the Second Amended Complaint are properly dismissed.

The pro se Plaintiff in his Second Amended Complaint has improperly named the Orange County Sheriff's Department as a Defendant in the above-captioned matter. Under Florida law, the Orange County Sheriff's Department is not a legal entity subject to suit. *See Duncan v. Lee County Sheriff's Office*, 2006 WL 2919027 (M.D. Fla. Oct. 11, 2006) (*Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992)). To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an official capacity[1] action against the individual who holds the office responsible for the alleged wrong doing. *Id.* (citing Art. VIII, § 1(d), Fla. Const. (the Sheriff is the constitutional officer elected by the people)).

If Plaintiff wishes to sue the Sheriff of Orange County in his official capacity, he must properly allege claims relating to the conduct of the Sheriff's officers and a policy, custom, or practice on the part of the Defendants that was the "moving force" behind the alleged misconduct. *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *see also Jones v. Cannon*, 174 F.3d 1271, 1292 (11th Cir. 1999).

---

[1] Plaintiff has not alleged that the Sheriff of Orange County was personally and directly responsible for the purposed unlawful conduct which allegedly resulted in a constitutional deprivation; thus, Plaintiff has not alleged a claim for a constitutional violation against the Sheriff in his individual capacity. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Turning to the issues in the claims against the other Defendants named in the caption of the case, the only claim against the State of Florida that Plaintiff asserts is under 28 U.S.C. § 2412, and 18 U.S.C. § 3006A, the Hyde Amendment, which allows for recovery of costs and fees to prevailing *federal* criminal defendants incurred in an unsuccessful and "vexatious, frivolous, or bad faith" prosecution by the *United States*; no such recovery is possible from the *State of Florida* under these federal statutes. *United States v. Gilbert*, 198 F.3d 1293, 1300 (11th Cir. 1999) (legislative history indicates statute was aimed at federal prosecutions).

Four of the other Defendants - "Child Protection Team," Sandra Casto-Rivera, Penelope Tarkoski, and Karen Zozula - have not been served although they are named in the Amended Complaint which was filed on March 17, 2008; thus, dismissal of the claims against them are also appropriate pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to serve these Defendants within 120 days as required under the Rules.

It is respectfully **RECOMMENDED** that the Motions to Dismiss (Doc. Nos. 23, 24) be **GRANTED** and Plaintiff's Second Amended Complaint be **DISMISSED without prejudice** with leave to amend one final time to assert **only** a claim against the Orange County Sheriff in his official capacity based on a policy, custom, or practice on the part of state actors that was the "moving force" behind the alleged misconduct and his injuries.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 4, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy