# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIC J. ZOZULA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1971-Orl-28DAB**

**STATE OF FLORIDA, ORANGE
COUNTY SHERIFF'S OFFICE, and
DETECTIVE CARLY HUBBARD, et al.,**

        **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **DEFENDANT CARLY HUBBARD'S MOTION TO DISMISS PLAINTIFF'S FINAL AMENDED COMPLAINT (Doc. No. 34)**
>
> **FILED:** **September 26, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.
>
> **MOTION:** **PLAINTIFF'S MOTION TO DENY CARLY HUBBARD'S MOTION TO DISMISS PLAINTIFF'S FINAL AMENDED COMPLAINT (Doc. No. 37)**
>
> **FILED:** **October 21, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED;** the pleading is actually Plaintiff's response to Hubbard's Motion to Dismiss.

> **MOTION:** **PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 40)**
>
> **FILED:** November 6, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

After being granted one final opportunity to properly plead in this case, Plaintiff proceeding *pro se* has filed his Final Amended Complaint once against improperly asserting claims against the State of Florida, the Orange County Sheriff's Office, and Detective Carly Hubbard and presumably others, listed without specificity as "et al." For the reasons previously identified in this Court's prior Report and Recommendation (Doc. No. 28), Plaintiff's claims against any Defendant *except the Sheriff in his official capacity* are improper and those claims are properly dismissed.

Plaintiff's claims arise from his arrest, extradition, incarceration, and trial in connection with claims of sexual abuse asserted by his minor step-daughter (the "Minor"). Doc. No. 33. The Minor's claims were alleged during the time Plaintiff and the Minor's mother were getting divorced. Doc. No. 33. Plaintiff was arrested pursuant to an arrest warrant issued by a state court judge[1]. *See* Doc. No. 33-4. Because Plaintiff was subsequently acquitted at trial, he brings this action alleging that the State of Florida and law enforcement acted unlawfully in arresting him.

Detective Carly Hubbard was a named defendant in the Plaintiff's Amended Complaint filed with this Court on March 17, 2008. Doc. 10. Detective Hubbard filed a Motion to Dismiss the Amended Complaint (Doc. 17), which was granted by the Court on May 6, 2008. Doc. 20. In Plaintiff's Second Amended Complaint (Doc. No. 22), Detective Hubbard was deleted as a Defendant

---

[1] Plaintiff supplies the transcript of the videotaped interview (Doc. No. 37-2) which led to the arrest warrant being issued (Doc. No. 33-4); however, the Court does not reach the issue of whether probable cause existed for his arrest.

in the caption, and thus she was deleted as a Defendant in the case on May 21, 2008. *See* Fed. R. Civ. P. 10(a) (requiring the caption of the complaint to contain the names of the defendants).

On May 30, 2008, Detective Hubbard moved to dismiss (Doc. No. 23) Plaintiff's Second Amended Complaint to the extent it attempted to state a claim against her, and Plaintiff failed to file a response to the Motion. This Court considered the Motion to Dismiss and issued a Report and Recommendation that the claims against Detective Hubbard be dismissed; Plaintiff failed to file objections to the Report. Doc. No. 28. Nearly four months after Hubbard was first deleted as a Defendant and without any objection from Plaintiff whatsoever, Judge Antoon, on September 2, 2008, entered an Order (Doc. No. 32) dismissing Plaintiff's claims against Hubbard. In that Order, Judge Antoon granted Plaintiff "leave to amend his complaint one final time to assert only a claim against the Orange County Sheriff in his official capacity." Doc. No. 32. Instead, on September 9, 2008, Plaintiff filed his Final Amended Complaint (Doc. No. 33), improperly reasserting claims against Detective Carly Hubbard. Doc. No. 33.

On September 26, 2008, Detective Hubbard filed a Motion to Dismiss the Final Amended Complaint. Doc. No. 34. In response, Plaintiff filed a "Motion to Deny" Hubbard's Motion to Dismiss (Doc. No. 37) and a "Motion to Retract Order Separating Detective Carly Hubbard from Proceedings," seeking to reinstate his claims against her. Doc. No. 40. Detective Hubbard filed a Response (Doc. No. 41) and Plaintiff, without leave of court, filed a Reply. Doc. No. 42.

Detective Hubbard argues that Plaintiff's belated efforts to bring his claims against her back into the case are untimely. The Court agrees. Plaintiff has not asserted any basis for reconsidering or setting aside Judge Antoon's September 2, 2008 Order. Plaintiff contends (Doc. No. 42) that he did not receive Hubbard's Motion to Dismiss (Doc. No. 17) even though the certificate of service states that he was served and he filed a Response to the Motion (Doc. No. 19). Judge Antoon dismissed the

claims against Hubbard in the (first) Amended Complaint (Doc. No. 10) because they failed to meet the requirements of Federal Rule of Civil Procedure 8.  Doc. No. 20.  Plaintiff then choose to file the Second Amended Complaint without listing Detective Hubbard as a Defendant.  Doc. No. 22.

Moreover, in terms of notice to Plaintiff, he does not contend that he failed to receive the Report and Recommendation to grant Hubbard's Motion to Dismiss (Doc. No. 28) or Judge Antoon's Order dismissing the claims against Hubbard in the Second Amended Complaint.  Plaintiff had adequate notice that Hubbard was seeking dismissal of the claims against her, that this Court was recommending dismissal and warning Plaintiff to timely object (*See* Doc. No. 28 at 3), and yet he did not timely object.  Then, in direct contravention of Judge Antoon's specific direction, Plaintiff filed the Final Amended Complaint[2] naming Detective Hubbard as a Defendant again.  Accordingly, it is respectfully **RECOMMENDED** that the claims against Detective Hubbard be **DISMISSED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT ORANGE COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S FINAL AMENDED COMPLAINT (Doc. No. 35)** |
| **FILED:** | **September 26, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **PLAINTIFF'S MOTION TO DENY MOTION FOR QUASHING OR DISMISSAL (Doc. No. 38)** |
| **FILED:** | **October 21, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

The pro se Plaintiff in his Final Amended Complaint has – once again in spite of the Court's guidance – improperly named the Orange County Sheriff's Department as a Defendant.  As the Court

---

[2]The Final Amended Complaint (Doc. No. 33) appears to be the exact same document (Doc. No. 29) that Judge Antoon dismissed without prejudice on September 2, 2008.  Doc. No. 32.

pointed out previously, under Florida law, the Orange County Sheriff's Department is not a legal entity subject to suit. *See Duncan v. Lee County Sheriff's Office*, 2006 WL 2919027 (M.D. Fla. Oct. 11, 2006) (*Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992)). To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an official capacity[3] action against the individual who holds the office responsible for the alleged wrong doing. *Id*. (citing Art. VIII, § 1(d), Fla. Const. (the Sheriff is the constitutional officer elected by the people)).

If Plaintiff wishes to sue the Sheriff of Orange County in his official capacity, he must properly allege claims relating to the conduct of the Sheriff's officers and a policy, custom, or practice on the part of the Defendants that was the "moving force" behind the alleged misconduct. *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *see also Jones v. Cannon*, 174 F.3d 1271, 1292 (11th Cir. 1999). In the Final Amended Complaint, Plaintiff alleges that "the Sheriff with members of his office defines, set, and implement [sic] training of policy and procedure for their subordinates making them responsible for the disgraceful failures of their detectives as well." Doc. No. 33. Plaintiff alleges, "[f]or such blatant acts of improper reporting, documenting, and ignorance of convenience to facts readily available."

To the extent Plaintiff is making a vicarious liability argument, such argument is barred by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). When the defendant in a § 1983 civil rights action is the county sheriff, the suit is effectively an action against the governmental entity he represents and governmental entities cannot be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell*, 436 U.S. at 694. Instead, a county government may be held liable only for the execution of a governmental policy or custom. *See Monell*, 436 U.S. at 694; *see also Canton*

---

[3] Plaintiff has not alleged that the Sheriff of Orange County was personally and directly responsible for the purposed unlawful conduct which allegedly resulted in a constitutional deprivation; thus, Plaintiff has not alleged a claim for a constitutional violation against the Sheriff in his individual capacity. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

*v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983.")).

It is well-settled that a county can be held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,'" or "'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking body.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690-91). A governmental entity is not liable under § 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees. *Monell*, 436 U.S. at 694. Although given a final chance to do so, Plaintiff has failed to allege any specific custom or policy which was the moving force behind the alleged deprivation of Plaintiff's constitutional rights.

The court previously held that Plaintiff could not assert a claim under the Hyde Amendment, 18 U.S.C. § 3006A, against the State of Florida which only allows for recovery of costs and fees to prevailing *federal* criminal defendants incurred in an unsuccessful and "vexatious, frivolous, or bad faith" prosecution by the *United States*; no such recovery is possible from the *State of Florida* under these federal statutes. *United States v. Gilbert*, 198 F.3d 1293, 1300 (11th Cir. 1999) (legislative history indicates statute was aimed at federal prosecutions). Plaintiff has modified his allegations slightly to argue that he was extradited "by U.S. Marshals," thus, the State acted in an "official, government capacity." The fact of the matter is that Plaintiff is still asserting claims against the State of Florida (or, he alternatively argues, Nevada) for "aggressively obsessed and narrow-minded behavior in subjectively 'declaring someone guilty' and systematically writing clearly false information under objective review to secure an arrest with the expectation to be accepted as

undeniable." Doc. No. 33 at 4.  Plaintiff also cites cases brought against states for various claims, none of which is a claim under the Hyde Amendment.  Plaintiff's allegations are unintelligible, and fail to state a claim under the Hyde Amendment.

Though Plaintiff does not specifically list any other defendants, he has tagged on "et al." to the caption of the Final Amended Complaint.  No other defendants have been timely served[4] nor leave sought for additional time to serve any others; thus, no other claims are properly asserted against any other Defendants.

It is respectfully **RECOMMENDED** that Defendant Orange County Sheriff Office's Motion to Dismiss Plaintiff's Final Amended Complaint (Doc. No. 35) be **GRANTED** and Plaintiff's Final Amended Complaint be **DISMISSED with prejudice**.  Thereafter, the Case should be closed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 29, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Previously, Plaintiff had named the "Child Protection Team," Sandra Casto-Rivera, Penelope Tarkoski, and Karen Zozula.  Because these Defendants were not timely served pursuant to Federal Rule of Civil Procedure 4(m) within 120 days, the Court ordered that they be omitted from the Final Amended Complaint.